UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MYELICIA RODGERS,

    Plaintiff,

v.                                 Case No. 3:24cv62-TKW-HTC

LOUIS DEJOY,

    Defendant.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Myelicia Rodgers has filed an employment discrimination complaint under Title VII of the Civil Rights Act, Doc. 1, and a motion to proceed *in forma pauperis*, Doc. 2. Upon consideration, Plaintiff's motion to proceed *in forma pauperis* is granted under 28 U.S.C. § 1915. However, after reviewing the complaint, the undersigned concludes Plaintiff's claims are time-barred because she did not file this civil action within 90 days of receiving her right-to-sue letter. Thus, this action should be dismissed.

I.    **Background**

Plaintiff previously worked for the United States Postal Service ("USPS"). On August 30, 2022, she was detained by agents of the USPS's Office of Inspector General and questioned. The agents allegedly denied her requests for a union

representative or attorney, threatened her employment with the USPS, and subjected her to "harassment and coercion to sign consent documents and dictate confessions." Plaintiff "was placed in a non-pay status" because of her refusal to submit to the agents' demands.

On December 12, 2022, Plaintiff was notified of her removal from the USPS. On July 5, 2023, she was arrested on charges of: (1) unlawfully secreting, destroying, detaining, delaying or opening mail in violation of 18 U.S.C. § 1703(a); and (2) knowingly embezzling gift cards, United States Currency, and other gifts, from mail, in violation of 18 U.S.C. § 1709. *See United States v. Rodgers*, N.D. Fla. Case No. 3:23cr39-MCR.  Plaintiff was found guilty of these charges in November 2023 following a bench trial and is currently awaiting sentencing. *Id.*  Nevertheless, she claims that at the time of her arrest, she was not Mirandized, she was not told of the charges against her, and she was not shown a warrant.  She also asserts agents "used coercion in order to gain information from [her] to use against [her]."

Plaintiff filed a formal complaint with the USPS's Equal Employment Opportunity Office on September 27, 2023, alleging "discrimination based on Race (Black), Color (Black), Sex (Female), and Retaliation (Grievances)."  Doc. 1 at 16.  The formal complaint was dismissed because Plaintiff failed to request pre-complaint counseling within 45 days of the allegedly discriminatory acts.  Doc. 1 at 18.  Plaintiff takes issue with several statements in the decision dismissing her

complaint. Specifically, she disputes that she: (1) "engaged in prior EEO activity" and, thus, had "constructive knowledge of the EEO complaint process"; and (2) was aware of the time limits for filing an EEO complaint. The USPS's decision, dated October 6, 2023, advised Plaintiff she could challenge the dismissal of her complaint by: (1) filing an appeal to the Equal Employment Opportunity Commission within 30 days; or (2) filing a civil action in federal court within 90 days. Doc. 1 at 18-19. Plaintiff states she received the decision on October 17, 2023. Doc. 1 at 9.

## II.     Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss her complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Plaintiff's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III.   Discussion**

Under Title VII, an employer cannot "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  "Before a federal civil servant can sue [her] employer for violating Title VII, [she] must, among other things, 'initiate contact' with an Equal Employment Opportunity counselor at [her] agency 'within 45 days of the date of the matter alleged to be discriminatory.'"  *Green v. Brennan*, 578 U.S. 547, 549-50 (2016) (citing 29 C.F.R. § 1614.105(a)(1)).

An agency shall dismiss an entire complaint which fails to comply with the applicable time limits contained in 29 C.F.R. § 1614.105.  29 C.F.R. § 1614.107(a)(2).  When an agency dismisses an entire complaint under 29 C.F.R. § 1614.107, the agency's decision "shall contain notice of the right to appeal the final action to the Equal Employment Opportunity Commission, [and] the right to file a civil action in federal district court." 29 C.F.R. § 1614.110(b).  The civil action must be filed within 90 days of receipt of the agency's final action on an individual complaint.  *Reynoso v. DeJoy*, 658 F. Supp. 3d 10, 17 (D.P.R. 2023) (citing 29 C.F.R. § 1614.407(a)).

As stated above, Plaintiff filed a discrimination complaint with the USPS, but the agency dismissed it based on her failure initiate counseling within 45 days of the

alleged discrimination.  Plaintiff disputes some of the findings in the agency's decision, including whether she had previously engaged in EEO activity or was aware of the time limitations applicable to filing EEO complaints.  But those disputes are irrelevant to whether this civil action is timely.  The USPS's final decision clearly advised Plaintiff she could challenge the agency's dismissal of her complaint by filing a civil action within 90 days of receiving the decision.  The decision is dated October 6, 2023, and Plaintiff admits she received the decision on October 17, 2023.  Doc. 1 at 9, 19.

However, Plaintiff did not file this civil action until February 9, 2024, which is more than 20 days past the 90-day filing deadline.  And Plaintiff has alleged no facts which suggest equitable tolling would apply here.  *See Henriquez v. Ga. Dep't of Revenue*, 2023 WL 4624473, at *4 (11th Cir. July, 19, 2023) ("Equitable tolling is applied sparingly, … and it requires the plaintiff to show both that he pursued his rights 'diligently' and that 'some extraordinary circumstance' prevented his timely filing.") (citation omitted).  Thus, this case should be dismissed, as it barred by the statute of limitations.[1]  *See Gant v. Jefferson Energy Coop.*, 348 F. App'x 433 (11th Cir. 2009) (affirming district court's *sua sponte* dismissal of plaintiff's Title VII complaint as untimely); *Williams v. Ga. Dep't of Defense Nat'l Guard Headquarters*,

---

[1] Plaintiff's complaint also alleges no facts which suggest the USPS's actions constituted discrimination based on a protected characteristic.  Instead, the facts clearly indicate Plaintiff was terminated because she was accused of engaging in criminal conduct with respect to the mail.

Case No. 3:24cv62-TKW-HTC

147 F. App'x 134 (11th Cir. 2005) (affirming district court's dismissal of Title VII action where plaintiff "neither filed his complaint within the applicable 90–day limitations period nor … met his burden to show entitlement to equitable tolling"); *see also Jackson v. Scott*, 2022 WL 35612, at *2 (11th Cir. Jan. 4, 2022) ("A district court may dismiss a complaint for failure to state a claim if it is apparent from the face of the complaint that the applicable statute of limitations bars the claim.") (citation omitted).

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis*, Doc. 2, is GRANTED.

And it is RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) because it is barred by the statute of limitations.

2. That the clerk close the file.

At Pensacola, Florida, this 20th day of February, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1.